1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

TIFFANY RECINOS,

Plaintiff,

v.

MIKE KREIDLER and MULTICARE
HEALTH SYSTEM,

Defendants.

CASE NO. 3:23-CV-5791-DGE

REPORT AND RECOMMENDATION

Noting Date: October 6, 2023

12

13

14

15

16

The District Court has referred Plaintiff Tiffany Recinos's pending Application to

Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge

David W. Christel pursuant to Amended General Order 11-22. On September 2, 2023, Plaintiff

filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is,

without paying the filing fee for a civil case. *See* Dkts. 1; 3.

17

18

19

20

In determining whether IFP should be granted in this case, the Court has reviewed the

proposed amended complaint and finds the instant matter fails to state a claim upon which relief

can be granted. Therefore, the Court recommends this case be dismissed without prejudice and

the Application to Proceed IFP (Dkt. 1) be denied.

21

22

23

24

**Review of the Proposed Amended Complaint.** The Court has carefully reviewed the

proposed amended complaint in this matter. Because Plaintiff filed this complaint *pro se*, the

Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.

REPORT AND RECOMMENDATION - 1

*See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her

proposed amended complaint, Plaintiff names Mike Kreidler, the Washington State Insurance

Commissioner, and Multicare Health System as defendants. Dkt. 3. Plaintiff alleges she was

injured during her employment with Multicare and never received Labor and Industries (L&I)

benefits. *Id*. She also states Multicare committed medical malpractice related to a circumcision

of "MJR" (presumably her child) and her own hysterectomy. *Id*. Plaintiff requests reinstatement

of her nursing license, that her and her son's medical conditions be corrected, and that Multicare

stop billing her for procedures. *Id*. at 4.

   **Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP

upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court

must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory

screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d

845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28

U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP

complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable

substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*,

745 F.2d 1221, 1228 (9th Cir. 1984).

   Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12

(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted.

1   *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a

2   claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice

3   where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*,

4   490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to

5   dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

6       Here, Plaintiff's proposed amended complaint is difficult to comprehend. Plaintiff names

7   Mike Kreidler, the Washington State Insurance Commissioner, as a defendant but includes no

8   claims related to Defendant Kreidler or related to an insurance matter. Further, Plaintiff's claims

9   against Multicare appear to sound in state law – claims of medical malpractice, state L&I

10  benefits, and a monetary billing and settlement dispute. As Plaintiff alleges that all parties are

11  located in the State of Washington, there is no diversity jurisdiction. Finally, Plaintiff does not

12  sufficiently explain the wrong-doing of Mulitcare and the legal basis for Plaintiff's claims and

13  the relief sought is unclear. Several of her requests for relief are unrelated to the underlying facts

14  and Plaintiff has not shown the Court has the authority to grant such relief. After consideration of

15  the allegations in the proposed amended complaint, the Court finds the proposed amended

16  complaint does not state a claim for which relief can be granted.

17      **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a

18  *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

19  prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As

20  the Court does not appear to have jurisdiction over this matter and as Plaintiff's claims against

21  Defendants appear to be meritless and based solely on conjecture, the Court finds any attempt by

22  Plaintiff to amend the proposed amended complaint would be futile. Further, the Court notes

23  Plaintiff has a history of filing meritless lawsuits in this Court. The Court finds her history of

24

REPORT AND RECOMMENDATION - 3

1    arguably abusive litigation tactics in this Court warrants dismissal without leave to amend. As

2    such, the Court finds Plaintiff should not be afforded leave to amend her proposed amended

3    complaint.

4          **Decision on Application to Proceed IFP.** A district court may deny leave to proceed

5    IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous

6    or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l*

7    *Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed amended

8    complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP

9    (Dkt. 1) be denied.

10          **Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's

11   Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed without prejudice.

12          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13   fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

14   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

16   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

17   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

18   imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

19   October 6, 2023, as noted in the caption.

20          Dated this 15th day of September, 2023.

21

22
                                    David W. Christel
                                    Chief United States Magistrate Judge
23

24

REPORT AND RECOMMENDATION - 4